IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WALTER EVERETT MOORE, III, | : | |
| Plaintiff | : | |
| VS. | : | |
| Corporal ADCOCK, Sergeant JAMES, Captain MICHELLE KEENE, Sheriff PRINE, and Nurse SHIRLEY LEWIS, | : | NO. 7:09-CV-98 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **WALTER EVERETT MOORE, III**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

1

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

### *B. General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that on July 2, 2009, defendant Corporal Adcock tasered plaintiff six times, apparently at the direction of defendant Sergeant James. Plaintiff appears to complain that defendant Nurse Shirley Lewis later refused to examine plaintiff or treat his multiple burns. Finally, plaintiff sues Captain Michelle Keene and Sheriff Prine, evidently because they subsequently failed to investigate or take action against Adcock, James, and Lewis. For these alleged violations, plaintiff seeks a settlement of $6,200,000.00.

## III. DISCUSSION

### *A. Captain Michelle Keene and Sheriff Prine*

Plaintiff's complaint does not allege that Captain Keene or Sheriff Prine were involved in the events of July 2nd. These defendants were merely notified of the incident after it occurred. Government officials are only liable for their own misconduct. ***Ashcroft v. Iqbal***, 129 S. Ct. 1937,

1949 (2009).  "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.2007).  Moreover, it is well-settled that section 1983 liability may not be imposed vicariously or under a theory of *respondeat superior*.  *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).  Supervisory officials cannot be held personally liable under section 1983 solely for the acts of their subordinates.

In light of the foregoing, it is **RECOMMENDED** that Captain Keene and Sheriff Prine be **DISMISSED** as defendants herein.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Remaining Defendants

This action shall go forward against Corporal Adcock for his alleged use of excessive force on plaintiff and on Nurse Shirley Lewis for her alleged denial of medical treatment.  It is unclear from plaintiff's complaint whether defendant Sergeant James contributed to the alleged assault, but construing the complaint liberally in favor of plaintiff, the Court will allow this action to go forward against her, as well.

## VI. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Corporal Adcock, Nurse Shirley Lewis, and Sergeant James.  The undersigned **RECOMMENDS** that Captain Michelle Keene and Sheriff Prine be **DISMISSED** from this action.

**SO RECOMMENDED**, this 21st day of September, 2009.

        */s/ Richard L. Hodge*
        RICHARD L. HODGE
        UNITED STATES MAGISTRATE JUDGE