IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WALTER EVERETT MOORE, III, :
:
    Plaintiff, :
:
VS. :
: **7 : 09-CV-98 (HL)**
SERGEANT JAMES, CORPORAL ADCOCK, :
and NURSE SHIRLEY LEWIS, :
:
    Defendants. :
:

## RECOMMENDATION

    The Plaintiff filed this action in August 2009, raising claims of deliberate indifference to serious medical needs. (Doc. 2). Presently pending herein is Defendant Shirley Lewis' Motion for Summary Judgment. (Doc. 15).[1] The Court notified the Plaintiff of the filing of Defendant Lewis' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's order. (Doc. 18).[2] The Plaintiff has not filed a response to Defendant Lewis' motion.

---

[1] The Court notes that Defendant Lewis filed her Motion for Summary Judgment outside of the time period for filing dispositive motions set by the Court in its initial service order (Doc. 6) and prescribed by Rule 56(b), without having received leave to file the motion out-of-time. Inasmuch as the Court can discern no prejudice to the Plaintiff or delay in the ultimate disposition of the case caused by the late filing, the Court will consider the Motion for Summary Judgment. The Plaintiff has failed to raise this issue and has in fact failed to respond at all to Defendant Lewis' Motion for Summary Judgment.

[2] The Court issued a Notification Order regarding Defendant Lewis' Motion for Summary Judgment on June 2, 2010. After Plaintiff filed a notice of change of address on June 7, 2010, the Clerk of Court also mailed a copy of the Notification Order to the Plaintiff at his newly- reported address on June 14, 2010. Neither service copy of the Notification Order has been returned to the Clerk as undeliverable, nor has the Plaintiff sought additional time to respond to Defendant Lewis' Motion for Summary Judgment.

**Background**

The Plaintiff filed this action on August 4, 2009, raising in part allegations of deliberate indifference to serious medical needs by Defendant Shirley Lewis, a registered nurse providing nursing care to inmates housed at the Lowndes County Jail. According to Plaintiff's Complaint, Plaintiff was confined at the Lowndes County Jail on July 2, 2009. (Doc. 2, p. 4). Plaintiff maintains that he was asking to speak to a supervisor regarding telephone issues when Plaintiff was asked by Sgt. James to place his arm back in the cell and off of the cell door flap. Plaintiff apparently did not move his arm as requested, but continued to ask for a supervisor, and Sgt. James motioned for Corporal Adcock to approach. After James whispered to Adcock, Adcock walked over to the Plaintiff and "stunned [him] with the taser gun repeatedly." *Id.* Plaintiff maintains that he was tased a total of six times, twice on the upper right arm, twice next to his elbow, and twice on the lower right arm. *Id.*

Plaintiff asserts that when he attempted to show his arm to Nurse Lewis at some point after the tasing incident, Nurse Lewis "just walked off. I called her repeatedly, but she did [not] answer just kelp [sic] walking." *Id.* Plaintiff states that a couple of days later, he visited the Medical Department, and was told that according to Nurse Lewis, the Plaintiff was only tased two times. *Id.*

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

> declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

## Discussion

In her Motion for Summary Judgment, Defendant Lewis argues that there is no evidence that she was deliberately indifferent to Plaintiff's serious medical condition and that Plaintiff did in fact receive medical attention for any injuries suffered during the tasing incident. In asserting that she is entitled to the entry of summary judgment, Defendant Lewis relies on her affidavit and the medical records of the Plaintiff.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to

serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Defendant Lewis has established through her affidavit, as well as by reference to the Plaintiff's medical records, that the Plaintiff received medical care for his alleged injuries and that Defendant Lewis did not deny Plaintiff medical care for any alleged injuries or conditions about which she had knowledge during the time period in question. (Docs. 16-1, 16-2, 16-3). In her affidavit, Nurse Lewis testifies that she examined the Plaintiff after the tasing incident on July 2, 2009, during which incident Nurse Lewis states Plaintiff was tased two times. (Doc. 16-1, ¶¶ 4, 5). Nurse Lewis stated that she observed a "very small dark abrasion to the right upper arm with no skin tears and no bleeding." *Id.* at ¶ 5. After examining the Plaintiff's arm, Nurse Lewis determined that "[a]dditional medical treatment was not indicated." *Id.* at ¶ 6. The Plaintiff was observed at least twice a day by jail personnel and medical staff following the tasing incident. *Id.* at ¶ 8; Doc. 16-2, p. 11. Although the Plaintiff complained to different nurses on two later occasions about an infection or spots on the underside of his arm, no drainage was noted upon examination and the Plaintiff made no further complaints about his arm. (Doc. 16-1, ¶¶ 10, 11; Doc. 16-2, pp. 11-15).

Thus, Defendant Lewis has established that medical examination and attention were provided to the Plaintiff when the Plaintiff appeared to have or presented with an alleged medical need. Defendant Lewis has thus met her burden to establish the absence of a genuine issue of material fact

regarding the care provided for the Plaintiff following his tasing incident on July 2. The burden now shifts to the Plaintiff to rebut the Defendant's summary judgment showing. *Celotex*, 477 U.S. at 324.

Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has failed to overcome Defendant Lewis' summary judgment showing that Defendant Lewis did not act with deliberate indifference to any serious medical condition suffered by the Plaintiff. The Plaintiff has failed to respond to Defendant Lewis' Motion for Summary judgment and thus has failed to rebut the evidence that he received medical attention for his alleged taser burn injuries. *See* Fed.R.Civ.P. 56(e).

To the extent that the Plaintiff disagrees with the course of treatment provided by Defendant Lewis, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). Furthermore, the Plaintiff has failed to establish that any delay in treating his skin injuries exacerbated the condition. "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1189 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97, and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff has failed to rebut Defendant Lewis' testimony and the evidence of record, including Plaintiff's medical records, establishing that the Plaintiff was provided with medical attention following the tasing incident, and that Nurse Lewis' examination of Plaintiff's arm did not indicate further medical treatment. Furthermore, Plaintiff has failed to establish that any delay in treatment resulted in a worsening of his condition.

## Conclusion

Based on the Plaintiff's failure to overcome Defendant Lewis' summary judgment showing that Plaintiff was provided with medical attention for his injuries and Plaintiff's failure to establish the exacerbating effect of any delay in treatment, it is the recommendation of the undersigned that Defendant Lewis' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 2nd day of February, 2011.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb