**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| WALTER EVERETT MOORE, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7 : 09-CV-98 (HL) |
| SGT. JAMES, and CORPORAL ADCOCK, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are motions for

summary judgment and a Motion to Amend filed by the Plaintiff.   (Docs. 32, 33, 34).   Plaintiff

filed this action on August 4, 2009, raising allegations of excessive force and deliberate

indifference to serious medical needs.   (Doc. 2).   The Court directed service of the Complaint on

September 21, 2009 on Defendants James, Adcock, and Lewis.   (Doc. 6).   Defendant Lewis filed

an Answer on December 10, 2009 (Doc. 13), and a Motion for Summary Judgment on May 19,

2010 (Doc. 15).   Defendant Lewis' Motion for Summary Judgment was granted by Order of the

Court dated March 7, 2011.   (Doc. 24).

*Service*

Waiver of service forms were mailed to Defendants James and Adcock at the Lowndes

County Jail, the location of their last employment as provided by the Plaintiff in his Complaint.

(Docs. 7, 8).   These waivers were returned unexecuted, bearing the notation that these individuals

no longer worked at the Lowndes County Jail.   (Doc. 11).   Plaintiff provided new places of

employment for Defendants James and Adcock in a letter filed with the Court on January 26, 2010,

and waiver of service forms were again mailed to these Defendants, using the information

provided by the Plaintiff.   (Docs. 14, 21, 22).   Personal service was attempted on Defendants James and Adcock in May 2011.   (Docs. 25, 26, 27, 28).

On May 16, 2011 Defendant Adcock returned a waiver of service of summons form, signed and dated on March 16, 2011, which provided that Defendant Adcock's Answer or motion under Rule 12 had to be served no later than sixty (60) days from March 3, 2011, or judgment might be entered against him. (Doc. 29).

Defendant Adcock has not yet filed an Answer or other responsive pleading.   Accordingly, Defendant Adcock is hereby **ORDERED AND DIRECTED** to show cause within **TWENTY-ONE (21) DAYS** as to why default should not be entered against him pursuant to Rule 55 of the Federal Rules of Civil Procedure for his failure to timely respond to the Complaint.

Process Receipt and Return forms were returned unexecuted as to the personal service attempt on Defendant James, bearing the notation that James does not work at the address or location most recently provided by the Plaintiff.   (Doc. 30).   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Notice is hereby provided to the Plaintiff that this action is subject to dismissal in regard to Defendant SGT. JAMES and Plaintiff is hereby **DIRECTED** to show cause as to why this action should not be dismissed in regard to this Defendant due to lack of service in compliance with Rule 4(m).   In addition to showing cause, the Plaintiff must provide a current address for this Defendant in order to maintain his claims against her.   Plaintiff must respond to these directives within **TWENTY-ONE (21) DAYS** of the date of this Order.

***Motion to amend***

In his Motion to Amend, the Plaintiff seeks to correct alleged deficiencies in his original Complaint. (Doc. 33).   It appears that Plaintiff has merely added legal arguments to support his factual allegations and claims against Defendants James and Adcock.   *Id.*   Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> ***(1) Amending as a Matter of Course.***   A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> ***(2) Other Amendments.***   In all other cases (other than an amendment of right), a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Inasmuch as Defendants James and Adcock have not yet filed a responsive pleading or a motion under Rule 12(b), (e), or (f), the Court is without discretion to deny Plaintiff's Motion to Amend his claims as to these Defendants. *Williams v. Board of Regents of University System of GA*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.").   Accordingly, said Motion to Amend is **GRANTED** and the Clerk of Court is **DIRECTED** to serve the Amended Complaint on Defendant Adcock.   However, in light of the uncertainty as to the whereabouts of Defendant James, the Clerk of Court is **DIRECTED** to withhold service of the Amended Complaint on Defendant James until further Order of the Court.

*Motions for summary judgment*

In his motions for summary judgment, the Plaintiff asserts that he is entitled to the entry of judgment, apparently based on his recitation of the facts underlying his claims and Defendant Adcock's failure to file a response to his Complaint.   (Docs. 32, 34).   Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P.   56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

Inasmuch as the Plaintiff has failed to show, either by citing to particular parts of the record or by showing the absence of a genuine dispute as to material facts, that he is entitled to the entry of summary judgment, and inasmuch as Plaintiff's motions are premature, it is the recommendation of the undersigned that the Plaintiff's motions for summary judgment be **DENIED**.   The Court notes that Defendant Adcock has been directed to show cause as to any issues of default.   Pursuant to 28 U.S.C. " 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 21st day of May, 2012.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**