IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WALTER EVERETT MOORE, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7 : 09-CV-98 (HL) |
| | : | |
| SGT JAMES, and CORPORAL ADCOCK, | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the Plaintiff's motions seeking the entry of judgment against Defendant Adcock.  (Docs. 43, 47).  Plaintiff filed this action on August 4, 2009, raising allegations of excessive force and deliberate indifference to serious medical needs.  (Doc. 2).  The Court directed service of the Complaint on September 21, 2009 on Defendants James, Adcock, and Lewis.  (Doc. 6).  Defendant Lewis filed an Answer on December 10, 2009 (Doc. 13), and a Motion for Summary Judgment on May 19, 2010 (Doc. 15).  Defendant Lewis' Motion for Summary Judgment was granted by Order of the Court dated March 7, 2011.  (Doc. 24).

Waiver of service forms were mailed to Defendants James and Adcock at the Lowndes County Jail, the location of their last employment as provided by the Plaintiff in his Complaint.  (Docs. 7, 8).  These waivers were returned unexecuted, bearing the notation that these individuals no longer worked at the Lowndes County Jail.  (Doc. 11).  Plaintiff provided new places of employment for Defendants James and Adcock in a letter filed with the Court on January 26, 2010, and waiver of service forms were again mailed to these Defendants, using the information provided by the Plaintiff.  (Docs. 14, 21, 22).  Personal service was attempted on Defendants

James and Adcock in May 2011.   (Docs. 25, 26, 27, 28).

On May 16, 2011 Defendant Adcock returned a waiver of service of summons form, signed and dated on March 16, 2011, which provided that Defendant Adcock's Answer or motion under Rule 12 had to be served no later than sixty (60) days from March 3, 2011, or judgment might be entered against him. (Doc. 29).   On May 21, 2012, the Court directed Defendant Adcock to show cause as to why default should not be entered against him based on his failure to file an answer or responsive pleading.   Defendant Adcock responded to the Court's directive and filed his Answer. (Docs. 40, 41).   The Court ultimately found that Defendant Adcock's Answer was not timely filed due to excusable neglect.   (Doc. 42).   Thus, the period to file an answer was extended and Defendant Adcock's Answer was considered timely filed.   *Id.*

In the presently pending motions for the entry of judgment, the Plaintiff continues to assert that judgment should be entered against Defendant Adcock based on his failure to timely file an answer to the Complaint.   Inasmuch as this Court has ruled Defendant Adcock's Answer timely filed, Plaintiff's motions for the entry of judgment are without merit, and it is the recommendation of the undersigned that these motions be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 30th day of October, 2012.

s/   *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb